RECEIVED
JUN 22 2005
U.S. ATTORNEY
DISTRICT OF R.I.

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

RICHARD K. GREGORY
Plaintiff

vs.

C.A. No. WC 05-215

ROBERT A. GRASSO, JANE G. GRASSO, STATE OF RHODE ISLAND, INTERNAL REVENUE SERVICE, HOUSEHOLD FINANCIAL CORP., II TOWN OF SOUTH KINGSTOWN
Defendants

**COMPLAINT FOR INTERPLEADER**

(Mortgage Foreclosure Surplus Proceeds)

1. The Plaintiff, Richard K. Gregory, is an individual residing at 36 Hasell Street, Charleston, North Carolina.

2. The Defendants, Robert A. Grasso and Jane G. Grasso (the "Grassos") are individuals with a last and usual place of residence at 94 Old North Road, Kingston, Rhode Island.

3. The Plaintiff was the holder of a second mortgage given by the Grassos to Fleet Home Equity USA Inc., dated April 22, 1998 and recorded in the land evidence records in the Town of South Kingstown, Rhode Island, in Book 707, Page 200, securing the real estate located at 94 Old North Road, Kingston, Rhode Island. The Plaintiff is the present holder by Assignment dated October 21, 2004 and recorded in Book 1162, Page 112.

4. On December 28, 2004, Richard K. Gregory caused the mortgaged premises to be sold at public auction under the Statutory Power of Sale for $124,000.00 due to defaults by the Grassos on the second mortgage.

5. After satisfaction of the indebtedness to the Plaintiff, including costs of foreclosure and sale, real estate taxes and accrued interest and late charges in the aggregate sum of $49,039.75, there is a surplus now held by the Plaintiff in the amount of $74,960.25.

6. The following persons and entities appear of record to be all the persons and entities having an interest in said funds held by the Plaintiff, to wit:

(a) The Defendants, Robert A. Grasso and Jane G. Grasso, who were the owners of the equity of redemption.

(b) The Defendant, State of Rhode Island, who filed multiple Notices of Tax Liens against the property. The first Notice dated November 4, 1998, was recorded in Book 738, Page 236 in the land evidence records in the Town of South Kingstown. The second Notice dated May 13, 2003, was recorded in Book 1055, Page 797 in the land evidence records in the Town of South Kingstown. This Defendant may also have claims for non-resident withholding taxes.

(c) The Defendant, Internal Revenue Service, who filed multiple Notices of Federal Tax Liens against the property. The first Notice in the amount of $282,867.38, serial number 69964451, dated November 8, 1999, was recorded in Book 792, Page 232 in the land evidence records in the Town of South Kingstown. The second Notice in the amount of $69,680.35, serial number 60303650, dated January 29, 2003, was recorded in Book 1027, Page 338 in the land evidence records in the Town of South Kingstown. The third and final Notice in the amount of $12,937.57, serial number 156502404, dated February 9, 2004, was recorded in Book 1115, Page 208 in the land evidence records in the Town of South Kingstown.

(d) The Defendant, Household Finance Corporation II, who is the holder of an Open-End Mortgage in the amount of $32,000.00 dated December 16, 1999, and recorded in Book 797, Page 239, in the land evidence records in the Town of South Kingstown; they are also the holder of an Open-End Mortgage in the amount of $35,000.00 dated June 7, 2000, and recorded in Book 819, Page 481 and in Book 1007, Page 760 in the land evidence records in the Town of South Kingstown.

(e) The Defendant, Town of South Kingstown, who may have municipal liens against the property.

WHEREFORE, the Plaintiff prays:

(a) The said Defendants be ordered to appear and prove their claims, if any, to any surplus funds;

(b) That the Plaintiff be allowed its costs, expenses and attorney's fees in this Interpleader Action;

(c) That the Plaintiff be permitted to pay all surplus funds held by it in the amount of $74,960.25, less the fees and costs incurred by Plaintiff in this Interpleader Action, into the Registry of this Court for such further orders as this Court deems proper;

(d) That the rights of the Defendants herein named be determined by this Court as to the surplus funds paid into this Court; and

(e) That this action be discontinued and dismissed as to the Plaintiff, it being merely a stakeholder and having no interest in said funds.

RICHARD K. GREGORY
By his attorneys,

Dated: 4-12-05

Matthew J. McGowan, Esq.
Linda Rekas Sloan, Esq.
Salter McGowan Sylvia & Leonard, Incorporated
321 South Main Street
Providence, RI 02903
(401) 274-0300
(401) 453-0073 Fax
Bar No. 2770
Bar No. 5194

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

RICHARD K. GREGORY
Plaintiff

vs.

C.A. No. 05-215

ROBERT A. GRASSO, JANE G. GRASSO, STATE OF RHODE ISLAND, INTERNAL REVENUE SERVICE, HOUSEHOLD FINANCIAL CORP., II TOWN OF SOUTH KINGSTOWN
Defendants

## ORDER GRANTING MOTION TO AMEND COMPLAINT

On June 20, 2005, the Plaintiff's Motion to Amend the Complaint was scheduled for hearing before an Honorable Justice of the Superior Court. No objection having been filed, it is hereby:

**ORDERED, ADJUDGED AND DECREED:**

1. That the Plaintiff's Motion to Amend the Complaint is granted pursuant to Superior Court Rules of Civil Procedure Rule 7(b)(3).

ENTER:

PER ORDER:

______________________________
JUDGE

______________________________
CLERK

This order was prepared by Linda Rekas Sloan, Esq., Salter McGowan Sylvia & Leonard, Inc., 321 South Main Street, Providence, RI 02903 (401) 274-0300.

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

RICHARD K. GREGORY
Plaintiff

vs.

ROBERT A. GRASSO, JANE G. GRASSO, STATE OF RHODE ISLAND, INTERNAL REVENUE SERVICE, HOUSEHOLD FINANCIAL CORP., II TOWN OF SOUTH KINGSTOWN
Defendants

C.A. No. 05-215

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2005, I served a true and exact copy of the attached **ORDER GRANTING MOTION TO AMEND COMPLAINT**, on the following individuals, by first-class mail, postage prepaid:

Internal Revenue Service (via certified mail with summons and complaint)
Area Director
P.O. Box 9112
Stop 20800
JFK Federal Building
Boston, MA 02203

U.S. Department of Justice (via certified mail with summons and complaint)
Office of the U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

U.S. Department of Justice (via certified mail with summons and complaint)
Tax Division
Ben Franklin Station
Washington, D.C. 20044

Town of South Kingstown
c/o Michael A. Ursillo, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

State of Rhode Island
Division of Taxation
c/o Bernard J. Lemos, Esq.
Senior Legal Counsel
RI Division of Legal Services
One Capitol Hill
Providence, RI 02908

Brenda E. Sanborn

F:\Contents\Grasso\foreclosure\Interpleader Complaint\OrderGrantingMotAmendComplaint.doc

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

RECEIVED
JUN 22 2005
U.S. ATTORNEY
DISTRICT OF R.I.

[ ] PROVIDENCE/BRISTOL [ ] KENT [x] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 05-215

Richard K. Gregory
**Plaintiff**

Robert A. Grasso, Jane G. Grasso, State of Rhode Island, The United States of America, Household Financial Corp., II, Town of South Kingstown
**Defendant**

## *Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Salter McGowan Sylvia & Leonard, Inc. Plaintiff's attorney, whose address is 321 South Main Street, Suite 301, Providence, RI 02903

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]

CLERK

Dated: June 20, 2005

**(Seal of the Superior Court)**