UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD K. GREGORY,<br>Plaintiff | ) | |
| vs. | ) | C.A. NO. 05-277S |
| ROBERT A. GRASSO, JANE G. GRASSO, STATE OF RHODE ISLAND , UNITED STATES OF AMERICA, HOUSEHOLD FINANCIAL CORP., II, TOWN OF SOUTH KINGSTOWN<br>Defendants | ) | |

**RESPONSE OF UNITED STATES OF AMERICA TO PLAINTIFF'S MOTION FOR LEAVE TO DEPOSIT FUNDS**

Defendant United States of America ("United States"), by and through the undersigned counsel, hereby responds as follows to Plaintiff's Motion for Leave to Deposit Funds into the Registry of the Court and for Other Relief.

The United States does not oppose the plaintiff's depositing the surplus funds into the court. Rather, the United States files this response to assert that the plaintiff's counsel fees and costs cannot reduce the share of surplus funds allocable to the United States, for the reasons set forth in the accompanying memorandum of law.[1] More specifically, it appears that the United States has a second priority claim in excess of the amount of $100,000 Accordingly, it appears that after payment to the United States, there may be insufficient funds to pay the attorneys' fees and costs requested.

[1] The United States does not oppose reasonable attorneys' fees and costs associated with the filing of this action. However, as set forth herein and in the accompanying memorandum, there do not appear to be sufficient surplus funds to pay such fees from the proceeds of the foreclosure.

RESPECTFULLY SUBMITTED,

ROBERT CLARK CORRENTE
United States Attorney

Lisa Dinerman Bar #2689
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401/709-5000

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Response was sent, this 25th day of October, 2005 to Linda Rekas Sloan, Esq., Slater, McGowan, Sylvia & Leonard, Inc., 321 South Main Street, 3rd Floor, Providence, Rhode Island 0290, Bernard J. Lemos, Esq., Senior Legal Counsel, Rhode Island Division of Legal Services, One Capital Hill, Providence, Rhode Island, Michael A. Ursillo, Esq., Ursillo, Teitz & Ritch, Ltd., Two Williams Street, Providence, Rhode Island 02903 and Robert A. Grasso and Jane G. Grasso, 94 Old North Road, Kingston, R.I. 02881.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD K. GREGORY,<br>Plaintiff<br><br>vs.<br><br>ROBERT A. GRASSO, JANE G. GRASSO, STATE OF RHODE ISLAND , UNITED STATES OF AMERICA, HOUSEHOLD FINANCIAL CORP., II, TOWN OF SOUTH KINGSTOWN<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO. 05-277S |

**MEMORANDUM IN SUPPORT OF UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO MAKE DEPOSIT IN COURT AND FOR AWARD OF ATTORNEY'S FEES AND COSTS**

## I. INTRODUCTION

According to the Amended Complaint, on or about December 28, 2004, the plaintiff foreclosed on real property held by Robert Grasso and Jane Grasso, located at 94 Old North Road, Kingston, Rhode Island. The plaintiff represents that subsequent to the foreclosure, it has held surplus proceeds of $74,960.25. Plaintiff is claiming attorneys fees and costs of $920.95 for the filing and pursuit of this interpleader action. The United States currently asserts a second priority interest in the surplus funds in an amount in excess of $100,000.00. The claim of the United States arises from federal tax liens against Robert Grasso for the years 1993-1995, and against Robert Grasso and Jane Grasso for the years 2003.

## II. PRIORITY STATUS OF THE CLAIM OF THE UNITED STATES

A federal tax lien arises by operation of law when a taxpayer neglects or refuses to pay

assessed tax after notice and demand for payment have been made. I.R.C. § 6321; Treas. Regs. § 301.6321-1. The federal tax lien arises automatically at the instant the taxpayer neglects or refuses to pay the assessment, after demand has been made; the lien relates back to the date of the assessment. I.R.C. §§ 6321, 6322. A federal tax lien is intended to be all inclusive. It attaches to all property and rights to property, whether real or personal, belonging to the taxpayer, at the time the lien arises, without the necessity of filing, as well as to property subsequently acquired during the period of the lien. I.R.C. § 6321; Treas. Reg. § 301.6321-1.

The Internal Revenue Service's assessment liens in this case are as follows:

| Year | Assessment Date | Lien Filed | Amount [2] |
|---|---|---|---|
| 1993 | 6/7/99 | 11/15/99 | $163,624.91 |
| 1994 | 6/14/99 | 11/15/99 | $119,242.47 |
| 1995 | 1/3/00 | 2/4/03 | $ 69,680.35 |
| 2001 | 5/12/03 | 2/13/04 | $5,101.69 |
| 2002 | 5/19/03 | 2/13/04 | $7,835.88 |
| 2003 | 5/17/04 | 2/4/05 | $2,842.14 |

(See Attachment B.)

The property also appears to be encumbered by the following tax liens by the State of Rhode Island:

| Year | Assessment Date | Amount |
|---|---|---|
| 1991 | 2/5/98 | $ 9,902.89 |
| 1992 | 2/5/98 | $19,140.68 |

---

[2] These amounts do not include interest.

| Year | Assessment Date | Amount |
|---|---|---|
| 1993 | 3/29/00 | $47,895.42 |
| 1994 | 7/15/03 | $37,811.90 |
| 1995 | 11/30/99 | $25,496.53 |

There do not appear to be any other claims to the funds remaining from the foreclosure.

Generally, priority of liens is determined under the first in time first in right rule. I.R.C. § 6323(a); United States v. City of New Britain, 347 U.S. 81 (1954). In order for a lien to have priority over a federal tax lien, it must be choate. The United States Supreme Court has determined that a lien becomes choate once it satisfies a three-part test. United States v. McDermott, 507 U.S. 447, 449 (1993); United States v. Vermont, 377 U.S. 351, 354 (1964); United States v. New Britain, 347 U.S. 81 (1954). A lien becomes choate when the identify of the lienor, the property subject to the lien, and the amount of the lien are established. Id.

In this case, it appears that the tax liabilities assessed in 1998 by the State of Rhode Island for the years 1991 and 1992 (approximately $30,000.00 plus interest ) have priority over any of the liabilities assessed by the United States as these state income tax liabilities were assessed prior the assessment date of any of the liabilities assessed by the United States. The second priority claim appears to belong to the United States for the taxes assessed in June, 1999 in the amounts of $163,624.91 and $119,242.47. After payment to the State, the liens of the United States deplete the interplead funds.

## III. NO PORTION OF THE INTERPLEADED FUNDS MAY BE USED TO PAY ATTORNEYS FEES AND COSTS

It is well settled that when interpled funds are fully encumbered by a federal tax lien, no part of the funds can be used to compensate an interpleading plaintiff for costs and fees. United States v. R.F. Ball Construction Co., Inc., 355 U.S. 587 (1958)(summary reversal of an award of attorney's fees to an interpleader where a federal tax lien had previously attached to the fund); United States v. Liverpool & London & Globe Insurance Co. Ltd., 348 U.S. 215 (1955). Under the Ball and the London & Liverpool cases, and under the decisions of the lower courts announced since those decisions, ". . . the innocent stakeholder, even though he asserts no right to the fund in dispute, may not recover his costs and attorney's fees when to do so would invade the paramount federal tax lien." United States v. Chapman, 281 F.2d 862, 870 (10th Cir. 1960).

Every circuit that has examined this issue has held that an interpleading plaintiff cannot be awarded costs and attorney's fees when such an award would diminish the amount to satisfy a federal tax lien. See Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513 (9th Cir. 1984); Millers Mutual Ins. Assn. of Ill. v. Wassall, 738 F.2d 302 (8th Cir. 1984)(there is nothing to indicate that Congress intended to override the priority of the United States to interpleaded funds under prior federal tax liens); Cable Atlantic, Inc. v. Project, Inc., 749 F.2d 626, 627 (11th Cir. 1984)("The theory is that the federal tax lien attached prior to the commencement of the interpleader action and thus had priority over any inchoate and uncertain claim for attorney's fees accruing in that action"); Campagna-Turano Bakery, Inc. v. United States, 632 F.2d 39, 41 (7th Cir. 1980) (interpleading debtor may not recover its costs and attorney's fees at the expense of the tax liens); United States v. State National Bank of Connecticut, 421 F.2d 519 (2d Cir. 1970); United States

v. Morrison, 247 F.2d 285 (5th Cir. 1957); Hinkley & Donovan v. Paine, 424 F.Supp. 1013 (D.N.H. 1977).

The Supreme Court of Massachusetts in Nason v. Taylor, 351 Mass. 347 (1966), has held that the Court "had no power to allow (at least in an interpleader or similar proceeding), the deduction of attorney's fee or costs, the claim for which arose subsequent to the date when the tax lien was perfected." Nason, 351 Mass. at 348 (citing IRC §§ 6321, 6322, and 6323).

In the instant case, the claim for the plaintiff's attorney's fees arose after the foreclosure on the subject property, whereas the United States had perfected its liens before the interpleader action. Therefore, the plaintiff is not entitled to reduce the amount of the United States' share of the surplus funds by its attorney's fees. Since there are insufficient residual funds to satisfy the lien of the United States, no portion of the Government's interpleaded funds may be used for attorneys' fees and costs.

## IV. CONCLUSION

The plaintiff is entitled to reasonable fees and costs.[3] However, those fees and costs cannot reduce the share otherwise allocable to the United States. Accordingly, the entire amount held by plaintiff should be deposited into the registry of the court. Whatever amount the court

[3] Without analyzing each portion of the fee petition filed by plaintiff, the United States notes that it appears to be excessive. For example, plaintiff erroneously named the Internal Revenue Service as a defendant and has included in its petition, a request for the fees associated with drafting and filing an amended complaint and otherwise correcting its errors. These fees should not be borne by lienholders. Similarly, the cost of a courier to take mail to the post office should not be compensable.

determines should be awarded for reasonable attorneys' fees and costs may not, in accordance with the law, be deducted from the amount due the United States.

Respectfully submitted,

UNITED STATES OF AMERICA

ROBERT CLARK CORRENTE
United States Attorney

LISA DINERMAN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum of the United States has been sent, postage prepaid, to the following, this 25th day of October, 2005 to Linda Rekas Sloan, Esq., Slater, McGowan, Sylvia & Leonard, Inc., 321 South Main Street, 3rd Floor, Providence, Rhode Island 0290, Bernard J. Lemos, Esq., Senior Legal Counsel, Rhode Island Division of Legal Services, One Capital Hill, Providence, Rhode Island, Michael A. Ursillo, Esq., Ursillo, Teitz & Ritch, Ltd., Two Williams Street, Providence, Rhode Island 02903 and Robert A. Grasso and Jane G. Grasso, 94 Old North Road, Kingston, R.I. 02881.