**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Richard K. Gregory, Plaintiff | : | |
| vs. | : | Civil Action No. 05-277S |
| Robert A. Grasso, Jane G. Grasso<br>State of Rhode Island<br>The United States of America<br>Household Financial Corp, II<br>Town of South Kingstown<br>Defendants | : | |

**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**AWARD OF ATTORNEY'S FEES AND COSTS**

Plaintiff, Richard K. Gregory, by and through the undersigned counsel, hereby responds to the Defendant, United States of America's Response to Plaintiff's Motion for Leave to Deposit Funds into the Registry of the Court and for Other Relief, as follows:

Defendant, United States of America ("United States") opposes the Plaintiff's request for attorney's fees and costs to prosecute this interpleader action and claims that: "It is well settled that when interpled funds are fully encumbered by a federal tax lien, no part of the funds can be used to compensate an interpleading plaintiff for costs and fees." citing United States v. R.F.Ball Construction Co., Inc., 355 U.S. 587 (1958) and United States v. Liverpool & London & Globe Insurance Co. Ltd., 348 U.S. 215 (1955). However, that is not the case in these circumstances. As outlined in the United States' Memorandum, the Internal Revenue Service has a second

priority interest[1] in the surplus funds, therefore the interpled funds are not "fully encumbered by a federal tax lien", rather they are only partially encumbered by a federal tax lien.

The United States' Memorandum also claims that "Every circuit that has examined this issue has held that an interpleading plaintiff cannot be awarded costs and attorney's fees when such an award would diminish the amount to satisfy a federal tax lien." In the United States District Court for the District of Massachusetts in the case of Foxborough Savings Bank v. Sahag S. Petrosian, Dorothy Petrosian, Sims and Sims, P.C., Internal Revenue Service, and Commonwealth of Massachusetts (Department of Revenue), 84 F. Supp. 2d 172 (D. Mass. 1999) (copy attached), which is a case with facts very similar to the instant case, the Court stated:

> Although the cases cited by the United States remain good law, their proposed application to the facts of this case is awkward at best. Furthermore, the law of this circuit regarding interpled funds and attorney's fees and costs arising out of an interpleader action is quite clear. The general practice in this circuit is that "an interpleader fee us usually awarded out of the fund to compensate a totally disinterested stakeholder who has been, by reason of the possession of the fund, subjected to competing claims through no fault of his own."

Id. at 174, citing Ferber Co. v. Ondrick, 310 F.2d 462, 467 (1st Cir. 1962), cert. denied, 373 U.S. 911, 10 L.Ed. 2d 412, 83 S.Ct. 1300 (1963) (footnote omitted). The Court found that the plaintiff was entitled to reasonable attorney's fees and actual expenses stating ". . . in the exercise of discretion, that [plaintiff], as a stakeholder subjected to the conflicting claims of all of the defendants, should be allowed the benefit of an application of the customary practice in this circuit of conducting proceedings in the nature of interpleader, and that [plaintiff] should be allowed to claim reasonable compensation from the impleaded fund for reasonable attorney's fees and actual expenses incurred in seeking judicial instructions on how to dispose of the surplus foreclosure proceeds." Id.

---

[1] The first priority interest in the surplus funds appears to belong to the State of Rhode Island.

The facts of the Foxborough case are as follows: Foxborough Savings Bank (the plaintiff) conducted a foreclosure sale. After the satisfaction of the debt to Foxborough Savings Bank, the plaintiff had surplus funds in its possession. It appears that there were tax liens on record by both the Commonwealth of Massachusetts (Department of Revenue) and the Internal Revenue Service. The Plaintiff, not knowing who was entitled to the surplus funds, filed a Motion for Leave to Deposit Surplus Funds seeking leave to deposit the surplus funds into the registry of the court less an amount for payment of legal fees and costs associated with the filing of the interpleader action. The United States filed an opposition to the payment of attorney's fees and instructed the court as to the determination of priority between a federal tax lien and a state created lien, arguing a similar position as they have in the instant case. The judge stated that although the United States cited "good law" in their opposition, their application of that law to the facts of the case was awkward at best. The facts of the Foxborough case are strikingly similar to the facts of the case at hand.

In the Foxborough case, the Court further stated, ". . . the court finds disquieting the hard-edged position of the United States." Here, the Plaintiff conducted a foreclosure sale, which resulted in sufficient excess proceeds such that two junior lienholders will be receiving substantial sums of money (a rare occurrence in foreclosure sales). It appears that the United States will be collecting something in the range of $50,000 from the Plaintiff's efforts. For the United States to quibble about a legal bill of $900 and to require the Plaintiff to incur additional legal fees (approximately $850) in responding to the United States' papers and possibly the attendance at a hearing, Plaintiff would submit that the characterization of "hard-edged" is an understatement.

Finally, it appears that the State of Rhode Island has not filed a position or objection to Plaintiff's request for legal fees, accordingly, Plaintiff submits that if the Court is inclined to save the United States of America the minimal legal fees requested, it could be charged against the portion attributable to the State of Rhode Island's lien.

**Conclusion**

The Plaintiff is entitled to reasonable attorney's fees and costs associated with this interpleader and asks this Court to award the Plaintiff an amount for the fees and costs previously requested plus whatever additional amount the Court deems reasonable.

Richard K. Gregory
By his Attorneys,

Date: November 18, 2005

Linda Rekas Sloan, Esq.
Salter, McGowan, Sylvia & Leonard, Incorporated
321 South Main Street, 3rd Floor
Providence, RI 02903
(401) 274-0300
(401) 453-0073 Fax
Bar No. 5194

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Richard K. Gregory, Plaintiff | : | |
| vs. | : | Civil Action No. 05-277S |
| Robert A. Grasso, Jane G. Grasso<br>State of Rhode Island<br>The United States of America<br>Household Financial Corp, II<br>Town of South Kingstown<br>Defendants | : | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the attached **REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS** on the persons listed below and/or on the attached list by first-class mail, postage prepaid.

Robert Clark Corrente, Esq., U.S. Attorney
Lisa Dinerman, Esq., Assistant U.S. Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Internal Revenue Service
Area Director
P.O. Box 9112
Stop 20800
JFK Federal Building
Boston, MA 02203

U.S. Department of Justice
Tax Division
Ben Franklin Station
P.O. Box 55
Washington, DC 20044

Michael A. Ursillo, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

Bernard J. Lemos, Esq.
Senior Legal Counsel
RI Division of Legal Services
One Capitol Hill
Providence, RI 02908

Robert A. Grasso
Jane G. Grasso
94 Old North Road
Kingston, RI 02881

November 18 2005

Brenda E. Sanborn