UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD K. GREGORY,<br>Plaintiff, | : | |
| v. | : | CA 05-277 S |
| ROBERT A. GRASSO, JANE G. GRASSO, STATE OF RHODE ISLAND, THE UNITED STATES OF AMERICA,[1] HOUSEHOLD FINANCIAL CORP., II, and TOWN OF SOUTH KINGSTOWN,<br>Defendants. | : | |

**ORDER**
**GRANTING IN PART**
**MOTION FOR LEAVE TO DEPOSIT FUNDS**

This is an action for interpleader. Before the court is Plaintiff's Motion for Leave to Deposit Funds into the Registry of the Court and for Other Relief (Document ("Doc.") #4) ("Motion"). This matter has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A)[2] and District

---

[1] The United States of America was substituted for the Internal Revenue Service as a defendant by the granting of Plaintiff's Motion to Amend Complaint. See Document ("Doc.") #2 at 1 (Superior Court Civil Docket Sheet).

[2] 28 U.S.C. § 636(b)(1)(A) states that:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

of R.I. Local Rule 32(b). By the Motion, Plaintiff Richard K. Gregory ("Plaintiff") seeks an order: 1) permitting him to deposit the sum of $74,960.25 (the "Deposit Amount") into the Registry of the Court; 2) awarding his attorneys' fees and costs incurred in commencing the above captioned action from the Deposit Amount; and 3) discharging him from any further liability with respect to the Deposit Amount and enjoining Defendants from bringing any further action against him concerning the Deposit Amount.

No Defendant has filed an objection to the Motion.[3] Defendant United States of America ("United States") filed a response, stating that it does not oppose Plaintiff depositing the surplus funds into the Registry but asserting that "counsel fees and costs cannot reduce the share of surplus funds allocated to the United States ...." Response of United States of America to Plaintiff's Motion for Leave to Deposit Funds (Doc. #5) ("Response") at 1.

After reviewing the Response, the court sent Plaintiff's counsel a letter, advising that "in view of the case law cited in the United States' response to the Motion, the court presently does not see a basis for granting that portion of the Motion [which requests an award of attorneys' fees and costs]." Letter from Martin, M.J., to Sloan of 11/8/05. The court invited

---

[3] Defendants Robert A. Grasso, Jane G. Grasso, and Household Financial Corp., II, did not answer the Complaint and did not file a response to the Motion. See Doc. #2. Defendants Town of South Kingstown and State of Rhode Island answered the Complaint, see Doc. #2 at 12 (Defendant Town of South Kingstown's Answer to Plaintiff's Complaint for Interpleader), 14 (Answer of Defendant Tax Administrator), but did not file a response to the Motion, see Docket. Defendant State of Rhode Island stated in its Answer that it did not object to Plaintiff being awarded attorneys' fees and costs. See id. at 15.

Plaintiff's counsel to submit a reply memorandum within two weeks identifying any authority which would permit the award of such fees and costs. See id. On November 18, 2005, Plaintiff submitted a reply memorandum. See Reply Memorandum of Law in Support of Plaintiff's Motion for Award of Attorney's Fees and Costs (Doc. #6).

A hearing on the Motion was conducted on December 5, 2005. At the hearing, the United States reaffirmed its opposition to any award of counsel fees and costs which would have the effect of reducing the share of surplus funds available to the United States. See Tape of 12/5/05 Hearing. The court, noting that the State of Rhode Island ("State") had affirmatively represented in its Answer that the State did not oppose Plaintiff's request for an award of attorneys' fees and costs, see Doc. #2 at 14, indicated that the court was considering granting Plaintiff's request for fees and costs from the share of funds allocable to the State and solicited comment from the parties in attendance,[4] see Tape of 12/5/05 Hearing. Plaintiff's counsel responded that Plaintiff had no objection to this proposed course of action. See id. Counsel for the United States advised that she could consult with representatives of the Internal Revenue Service ("IRS") regarding the proposed disposition of this portion of the Motion and advise the court by letter of the result of that consultation. See id. The court then gave counsel for the United States two weeks to send a letter to the court, stating whether or not the IRS was agreeable to attorneys' fees and costs being paid in the manner suggested by the court. See id.

On December 14, 2005, the court received a letter from counsel for the United States, advising that the IRS had "no objection to a reasonable attorney's fee being paid out of the

[4] The parties in attendance at the December 5, 2005, hearing were Plaintiff and the United States.

proceeds which would otherwise go to the State of Rhode Island." Letter from Feder to Martin, M.J., of 12/12/05. The letter further stated that the United States has "calculated that the Internal Revenue Service will receive a check in the amount of $50,916.68 representing its second priority share of the surplus proceeds." Id.

In light of this positive response from the United States, the court sees no reason why it should not proceed according to the procedure outlined at the December 5, 2005, hearing. Accordingly, **the Motion is GRANTED to the extent that Plaintiff is:**

1) authorized to deposit the Deposit Amount into the Registry of the court; and

2. awarded attorneys' fees and costs in the amount of $2,550.40.[5]

To the extent that the Motion seeks an order discharging Plaintiff from any further liability with respect to the Deposit Amount and enjoining Defendants from bringing any action against him concerning the Deposit Amount, such relief is beyond the authority of this Magistrate Judge. See 28 U.S.C. § 636(b)(1)(A). However, the court is issuing herewith a Report and Recommendation, addressing that portion of the Motion and recommending that the relief requested be granted.

So ordered.

---

[5] The amount of attorneys' fees and costs awarded is $2,550.40 and not the $2,558.40 requested by Plaintiff because the court finds that Plaintiff's November 18, 2005, use of a courier to file his reply memorandum was not reasonably necessary. See Affidavit as to Attorney's Fees filed in open court on 12/5/05, Attachment 1 (Pre-bill Worksheet) at 5. This document could have been mailed and would have arrived within the two week time period which Plaintiff was given. See Letter from Martin, M.J., to Sloan of 11/8/05.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
December 30, 2005

BY ORDER:

Deputy Clerk