UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD K. GREGORY, :
        Plaintiff, :
 :
v. : CA 05-277 S
 :
ROBERT A. GRASSO, JANE G. :
GRASSO, STATE OF RHODE ISLAND, :
THE UNITED STATES OF AMERICA,[1] :
HOUSEHOLD FINANCIAL CORP., II, :
and TOWN OF SOUTH KINGSTOWN, :
        Defendants. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    This is an action for interpleader. Before the Court is Plaintiff's Amended Motion for Entry of Judgment by Default (Document ("Doc.") #17) ("Amended Motion"). The Amended Motion seeks to have judgment by default entered against Defendants Robert A. Grasso, Jane G. Grasso (the "Grassos"), and Household Financial Corp., II ("Household") (collectively the "Non-Answering Defendants"). It has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). A hearing was conducted on August 4, 2006. For the reasons stated below, I recommend that the Amended Motion be granted.

**Facts**

    This action began in the spring of 2005 in the Rhode Island Superior Court (Washington County).[2] In May of that year,

---

    [1] The United States of America ("United States") was substituted for the Internal Revenue Service as a defendant by the granting of Plaintiff's Motion to Amend Complaint. See Document ("Doc.") #2 at 1 (Superior Court Civil Docket Sheet).

    [2] The action was removed by the United States to this Court on June 23, 2005. See Doc. #1.

Plaintiff Richard K. Gregory ("Plaintiff") served copies of the summons and complaint upon all Defendants. See Amended Motion ¶ 1. Plaintiff's counsel sought and received Waivers of Service of Summons from the Grassos. See Amended Motion, Exhibit ("Ex.") A (Waivers of Service of Summons). By these waivers, the Grassos acknowledged on May 5, 2005, receipt of the summons and the complaint in the action. See Amended Motion ¶ 2. On April 28, 2005, Plaintiff caused a copy of the summons and complaint to be served upon Household. See id., Ex. B (Summons).

The Waivers of Service of Summons signed by the Grassos and the return of Service of Summons for the other four defendants, including Household, were sent by Plaintiff's counsel on May 9, 2005, to the Clerk of the Washington County Superior Court. See id., Ex. C (Letter from Sloan to Washington County Superior Court Clerk's Office of 5/9/05). The summons notified each of the Non-Answering Defendants of the time they had to answer or otherwise respond to the Complaint. See Amended Motion ¶ 5. None of the Non-Answering Defendants pled or otherwise responded to Complaint within the specified period, and this failure has continued to at least July 17, 2006, the date the Amended Motion was signed. See id.

On June 2, 2006, Plaintiff filed a Motion for Entry of Judgment by Default (Doc. #13) and a Notice of Default (Doc. #15). Default was entered by the Clerk on June 27, 2006. See Entry of Default (Doc. #16); Amended Motion, Ex. D (Entry of Default).

The instant Amended Motion was filed on July 18, 2006, with an attached Certificate of Service reflecting that copies of the Amended Motion and proposed Judgment were sent by first class mail to each of the Defendants, including the Non-Answering Defendants. See Amended Motion. In addition, Plaintiff's counsel has filed an Amended Certification Under LR Cv 55 (Doc.

#18) ("Amended Certification") certifying that notice of the Amended Motion was sent by both regular mail, postage prepaid, and by certified or registered mail, return receipt requested, to each of the Non-Answering Defendants and that a copy of each of the return receipts is appended to the Amended Certification. See Amended Certification.  Plaintiff's counsel further certifies that to the best of his knowledge: 1) the addresses set forth in the Amended Certification are the last known addresses of the Non-Answering Defendants, and 2) that the parties against whom a default judgment is sought are not in the military service of the United States as defined in the Soldiers and Sailors' Civil Relief Act of 1940, as amended.  See id.

## Discussion

The Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C.§ 1442(a)(1). See Notice of Removal (Doc. #1).  It also has personal jurisdiction over the Non-Answering Defendants.  The Grassos are residents of the State of Rhode Island, see Complaint ¶ 2; Amended Certification at 1; see also Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985)("[T]here is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its ... claims must be considered established as a matter of law."), and Household has an office or agent located within the State of Rhode Island, see Amended Certification at 1.  Each of the Non-Answering Defendants has also either waived service of a summons, as with the Grassos, see Amended Motion, Ex. A, or been served with process in accordance with Fed. R. Civ. P. 4(h), see id., Ex. B.  Thus, I find that the Court has both subject matter jurisdiction and personal jurisdiction over the Non-Answering Defendants.

Default having been entered by the Clerk against the Non-

Answering Defendants on June 27, 2006, and no objection having been filed to the instant Amended Motion, I find that it should be granted, and I so recommend.[3]

## Conclusion

For the reasons stated above, I recommend that the Amended Motion be granted and that default judgment be entered against Robert A. Grasso, Jane G. Grasso, and Household Financial Corp., II, so as to preclude them from asserting any interest in this action, including in respect to any interpleaded funds. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
_____
DAVID L. MARTIN
United States Magistrate Judge
September 6, 2006

---

[3] On August 8, 2006, a Revised Stipulation and Order (Doc. #21) ("Revised Stipulation") was filed, and it was entered by District Judge William E. Smith on August 9, 2006, see Doc. #23. The Revised Stipulation recites that the remaining Defendants in the action, the United States, the State of Rhode Island Division of Taxation ("R.I. Division of Taxation"), and the Town of South Kingstown have agreed that the $72,409.85 which was deposited by Plaintiff into the Registry of the Court may be distributed as follows: $26,952.94 to the R.I. Division of Taxation and the remaining balance of $45,456.91 to the United States Internal Revenue Service. Revised Stipulation at 1-2. The Revised Stipulation further states that the stipulating parties agree that these payments constitute full satisfaction of any and all claims that they may have to the interpleaded funds. Id.